UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DAVID EARL WATTLETON,

Plaintiff,

v.

BRIAN K. DAVIS, Assistant Director
Correctional Programs, Federal Bureau of
Prisons,

Defendant.

Case No. 14-CV-5003 (JNE/SER)

REPORT AND RECOMMENDATION

---

Plaintiff David Earl Wattleton — a civil detainee at the Federal Medical Center in

Rochester, Minnesota ("FMC-Rochester") — has filed a complaint alleging violations of his

constitutional rights. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Wattleton

filed an application to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. That IFP application

is now before the Court.

An IFP application will be denied, and the action will be dismissed, when an IFP

applicant files a complaint that fails to state a cause of action on which relief may be granted.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996)

(per curiam). In reviewing whether a complaint states a claim on which relief may be granted,

this Court must accept as true all of the factual allegations in the complaint and draw all

reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820

(8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must

be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible

on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard

legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662

(2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts

to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Wattleton's lone claim for relief can be stated succinctly:  Under 28 C.F.R. § 543.11(h),

"[u]nless clearly impractical, the Warden shall allow an inmate preparing legal documents to use

a typewriter . . . ."  Although this regulation appears only to require prisons to provide inmates

with access to typewriters (except where doing so is "clearly impractical"), Wattleton argues that

§ 543.11(h) should be interpreted by this Court as requiring inmates to have access to modern

word-processing software and internet access.  *See* Compl. at 1-2 [ECF No. 1].  Wattleton

requests that the Court order the Federal Bureau of Prisons to provide access to such technology

in order to facilitate future legal proceedings brought by inmates.[1]

This Court appreciates Wattleton's frustration.  The plain language of § 543.11(h),

however, clearly requires no more than access to typewriters for federal inmates preparing legal

documents.  Wattleton does not allege that officers at FMC-Rochester failed to provide him with

access to a typewriter when necessary; indeed, Wattleton's complaint is typed, not handwritten.

Moreover, Wattleton does not alleged that officials at FMC-Rochester impeded his access to the

Courts in any other way.  Finally, Wattleton has not pointed to any other source of law entitling

inmates to greater access to technology than what is provided by § 543.11(h).

---

[1]Wattleton does not challenge any other aspect of the conditions of his confinement.  Indeed,
Wattleton generally is complimentary of the conditions at FMC-Rochester.  *See* Compl. at 5
("The Federal Medical Center Rochester is a clean, and well maintained facility.  Safety and
sanitation is a high priority with the Warden and Executive Staff, and regular inspections of
housing units by safety and sanitation personnel are conducted.").

Even according to the allegations in Wattleton's complaint, then, officials at FMC-

Rochester are fully in compliance with § 543.11(h).  Wattleton's access-to-the-courts claim must

therefore fail.  And because Wattleton's claim for relief is not viable, this Court recommends that

this action be summarily dismissed, and that Wattleton's IFP application be denied.  *See* 28

U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY RECOMMENDED THAT:

1.      Plaintiff David Earl Wattleton's motion to proceed *in forma pauperis* [ECF No. 2]

        be DENIED.

2.      This action be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:  December 18, 2014                          *s/Steven E Rau*
                                                   Steven E. Rau
                                                   U.S. Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing
with the Clerk of Court, and serving all parties by **January 2, 2015**, a writing which specifically
identifies those portions of this Report to which objections are made and the basis of those
objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting
party's right to seek review in the Court of Appeals.  A party may respond to the objecting
party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be
limited to 3500 words.  A district judge shall make a de novo determination of those portions of
the Report to which objection is made.  This Report and Recommendation does not constitute an
order or judgment of the District Court, and it is therefore not appealable directly to the Eighth
Circuit Court of Appeals.